IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EDWIN VARGAS-VARGAS; ANGEL VICTOR VARGAS-VARGAS**; **ANTONIO VARGAS-VARGAS;** and **MARIA DE LOS ANGELES VARGAS-VARGAS**<br><br>          Plaintiffs<br><br>                    vs.<br><br>**UNITED STATES CUSTOMS AND BORDER PROTECTION; GILBERTO VELEZ-LORENZO** in his personal and official capacities, his wife **JANE ROE**, and the conjugal legal partnership constituted by them; **ABC INSURANCE COMPANY; JANE DOE;  JOHN DOE**<br><br>          Defendants | CIVIL NO.<br><br><br><br> FEDERAL TORT CLAIMS ACT(28 U.S.C. §1346 (b)); DAMAGES<br><br><br><br>Plaintiffs Demand Trial by Jury. |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COME NOW Plaintiffs, Edwin Vargas Vargas, Angel Victor Vargas Vargas, Luis Antonio Vargas Vargas and María De Los Angeles Vargas Vargas, through thrundersigned legal representation, and very respectfully state and pray:

### I. NATURE OF THE ACTION AND JURISDICTION

1. This action arises under the Laws of the United States, more particularly under the Federal Tort Claims Act, 28 U.S.C. §1346 (b).

2. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §1346 (b) insofar as Plaintiff's claims present a federal question. Plaintiff also claims supplemental jurisdiction over all claims arising under the Constitution and Laws of the Commonwealth of Puerto Rico, as all claims herein presented arise from a same nucleus of operative facts. See 28 U.S.C. §1367.

3. Venue properly lies in the District Court since the claim arose in the Commonwealth of Puerto Rico.

4. Pursuant to the Seventh Amendment to the United States Constitution, plaintiffs demand trial by jury as to all counts presented in the instant Complaint.

## II. THE PARTIES

5. Plaintiff, Edwin Vargas-Vargas is of legal age, married, citizen of the United States of America, and resident of Aguadilla, Puerto Rico.

6. Plaintiff, Angel Victor Vargas-Vargas, is of legal age, married, citizen of the United States of America, and resident of Aguadilla, Puerto Rico.

7. Plaintiff, Luis Antonio Vargas-Vargas, is of legal age, married, citizen of the United States of America, and resident of Aguadilla, Puerto Rico.

8. Plaintiff, Maria De Los Angeles Vargas-Vargas, is of legal age, married, citizen of the United States of America, and resident of Aguadilla, Puerto Rico.

9. Defendant, Gilberto Velez Lorenzo, was the agent of Co-Defendant, U.S Customs and Border Protection ("Border Patrol"), who was driving the vehicle that struck Plaintiffs' father, Antero Vargas-Cruz. Defendant, Gilberto Velez Lorenzo, was on duty at the time of the accident occurred.

10. Defendant, Jane Roe and the conjugal legal partnership, are defendant's Gilberto Velez-Lorenzo's wife which at this time her name is unknown, and the conjugal partnership they constitute, respectively.

11. Defendant, U.S. Customs and Border Protection ("Border Patrol"), is an agency of the United States of America and is the owner of vehicle driven by Defendant Gilberto Velez-Lorenzo, which struck Plaintiffs' father, Antero Vargas-Cruz. It is also the employer of Defendant Gilberto Velez-Lorenzo, who was on duty at the time of the accident that give course to the present action.

12. ABC Insurance Company, is the insurance company that provides coverage to any of the Defendants ant that had a insurance policy active to cover the damages that the Defendants caused Plaintiffs.

13. Defendants, John Doe and Jane Doe, are U.S. Customs and Border Protection agents or which directly participated and/or unlawfully acquiesced to the actions that give course to the present Complaint. They are being sued in their individual or personal capacities for their actions and/or omissions that caused the damages claimed hereafter.

14. All unknown named defendants will be substituted and served process as soon as their names are known.

### III. THE FACTS

15. On the evenings of October 10, 2008 plaintiffs' father, Antero Vargas-Cruz was walking on a path near his home at Boriquen Ward, Jobos Sector, in Aguadilla, Puerto Rico.

16. This path leads to the beach area and is not asphalted. It is commonly used as a walking access to the beach located in that area.

17. While Mr. Antero Vargas-Cruz was walking on the path, suddenly a Ford Explorer, identified as a U.S. Customs and Border Protection ("Border Patrol") vehicle, drove into the path. The vehicle was being driven by Defendant Gilberto Vélez-Lorenzo.

18. Defendant Gilberto Vélez-Lorenzo drove the vehicle into the path without taking any precaution, even though it was known to him that said path was commonly used by people as a walking access to the beach.

19. Defendant Gilberto Vélez-Lorenzo drove the vehicle into the path at excessive speed without taking any precaution and in a negligent matter.

20. As a result, Plaintiffs' father, Antero Vargas-Cruz was violently hit by the vehicle driven by Defendant Gilberto Vélez-Lorenzo.

21. Mr. Antero Vargas-Cruz suffered serious damages as a result of the accident and required immediate medical assistance by paramedics that were summoned to the location at the accident.

22. Mr. Antero Vargas-Cruz was diagnosed as having suffered multiple traumas including six (6) broken ribs.

23. Because of the accident, Mr. Antero Vargas-Cruz become bed stricken and saw his health progressively deteriorating.

24. Mr. Antero Vargas-Cruz undertook continuous medical treatment, including physical therapy.

25. As a direct result of the accident, Mr. Antero Vargas-Cruz, saw his health affected in such a matter, that he remained bed stricken until his death on August 3, 2010.

26. Also, as a result of the accident, not only did Mr. Antero Vargas-Cruz suffer severe mental and emotional anguish, but also suffered limitations to his daily life, and continued to do so until his death.

27. Plaintiffs Edwin Vargas Vargas, Angel Victor Vargas Vargas, Luis Antonio Vargas Vargas and María De Los Angeles Vargas Vargas, greatly suffered as a result of the injuries suffered by their father. Plaintiffs had to attend their father who could no longer take care of himself.

28. Plaintiffs suffered deeply as they saw all the suffering that their father went through because of the injuries he sustained as a result of Defendants' negligence.

29. In addition, Plaintiffs had to take care of their father, having to incur not only in time to attend him but also had to invest financially in order to cover all the medical care that their father required as a result of the injuries he sustained.

30. Plaintiffs were deprived of their father's company and affection due to all the suffering he went through as a result of the accident occurred because of Defendants' negligence.

31. Plaintiffs requested to Defendants that they answer for the damages they caused, but Defendants ignored Plaintiffs' demand. As such, Plaintiffs filed a timely

lawsuit against Defendants before the First Instance Court, Superior Court of Aguadilla under case number ADP 2010-0090.

32. Plaintiffs later on filed a Voluntary Dismissal which was granted by the Court. The Court issued a Judgment of Voluntary Dismissal that was notified to the parties on December 9, 2010.

## IV.   FIRST CAUSE OF ACTION

33. The allegations contained in paragraphs 1 to 32 are re-alleged as if fully incorporated herein.

34. The facts set-out in this Complaint constitute violations under the Federal Tort Claims Act, 28 U.S.C. §1346 (b).

35. 28 U.S.C. §1346 (b) (1) states that the district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

36. As a direct result of the unlawful and grossly negligent actions and/or omissions carried out by all Defendants, acting within the scope of their office and employment, as described herein, Plaintiffs have suffered damages, great mental anguish, depression, among others.

37. In addition to their own personal damages, Plaintiffs' father suffered greatly as a result of the accident caused by the Defendants. His suffering was both physical and emotional, and continued on until his untimely death. Plaintiffs are the rightful heirs of their father and as such are entitled to claim compensation for the damages suffered by him.

38. Plaintiffs are entitled to a compensation of no less than one million dollars ($1,000,000.00).

## V.   SECOND CAUSE OF ACTION

39. The allegations contained in paragraphs 1 to 38 are re-alleged as if fully incorporated herein.

40. Plaintiffs have invoked supplemental jurisdiction under 28 U.S.C. §1367 since the same operative facts as detailed herein, also constitute violations under Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31 §5141.

41. As a direct result of the unlawful and grossly negligent actions and/or omissions carried out by all Defendants, Plaintiffs have suffered damages, great mental anguish, depression, among others.

42. In addition to their own personal damages, Plaintiffs' father suffered greatly as a result of the accident caused by the Defendants. His suffering was both physical and emotional, and continued on until his untimely death. Plaintiffs are the rightful heirs of their father and as such are entitled to claim compensation for the damages suffered by him.

43.    Therefore, for all the damages suffered as described herein, Plaintiffs are entitled to compensation under the laws of Commonwealth of Puerto Rico for a sum of no less than of the amount of one million dollars ($1,000,000.00).

## VI.    PUNITIVE DAMAGES

44.    The allegations contained in paragraphs 1 to 43 are re-alleged as if fully incorporated herein.

45.    For defendants' actions and/or omissions and disregard for Plaintiffs' rights, safety and well being, as described in this Complaint, Plaintiffs are entitled to punitive damages in an aggregate amount of no less than five hundred thousand dollars ($500,000.00).

## VIII.  ATTORNEYS' FEES, COSTS, AND INTERESTS

46.    The allegations contained in paragraphs 1 to 45 are re-alleged as if fully incorporated herein.

47.    It is respectfully requested from this Honorable Court to order defendants to pay all interests, costs, and attorneys' fees as prescribed by law.

WHEREFORE, Plaintiff respectfully prays for this Honorable Court to enter judgment against Defendants, finding as true the facts as alleged herein and granting all the amounts of money requested herein plus costs, interests, and attorneys fees, and awarding any such other relief as the Honorable Court may deem necessary and proper.

RESPECTFULLY SUBMITTED.

In Aguada, Puerto Rico, this 8th day of December, 2011.

    s/Heriberto Güivas-Lorenzo
**Heriberto Güivas-Lorenzo, Esq.**
USDC-PR 217709
Attorney for Plaintiffs
**GÜIVAS & QUIÑONES LAW OFFICES, PSC**
HC-03 Box 39605
Aguada, Puerto Rico 00602
Tel. (787) 868-4920
Fax. (787) 868-4921
E-mail: guivasquinoneslaw@yahoo.com
       guivas24@hotmail.com