IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN VARGAS-VARGAS; ÁNGEL VÍCTOR VARGAS-VARGAS; ANTONIO VARGAS-VARGAS; and MARÍA DE LOS ANGELES VARGAS-VARGAS<br><br>**Plaintiffs**<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; GILBERTO VÉLEZ-LORENZO, in his personal and official capacities, his wife JANE ROE, and the conjugal legal partnership constituted by them; ABC INSURANCE COMPANY; JANE DOE; JOHN DOE<br><br>**Defendants**. | **CIVIL CASE NO. 11-2183-PG** |

**WESTFALL ACT NOTICE OF SUBSTITUTION OF PARTIES
AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

TO THE HONORABLE COURT:

COMES NOW Defendants, the United States of America, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security and Gilberto Vélez-Lorenzo, referred to as "Federal Defendants," or "Defendants" **without submitting to the jurisdiction of the Court**, through the undersigned attorneys, and respectfully state, allege and pray as follows:

**I.    Introduction**

   **A. Factual Background**

Plaintiffs' Complaint is a tort case claiming $2,500,000.00 against the "Federal Defendants

Page  - 1-

" filed on December 8, 2011. Co-defendant, Supervisory Border Patrol Agent Gilberto Vélez-Lorenzo ("SPBA Vélez"), works with the United States Customs and Border Protection ("CBP") and he as well as his employer has been sued for the demise of Antero "Vargas-Cruz", a 75-year-olds man who passed away on August 3, 2010. The Plaintiffs are the heirs of the decedent. They allege that the decedent's death was the direct result of injuries that he suffered in an accident that occurred on October 8, 2008 at 8:00 p.m.

On the evening of October 8, 2008, the Border Patrol (BP) agents had just completed their surveillance of the trails at the Playuelas Sector of Aguadilla, P.R., and had decided where to install certain land sensors, which they use to monitor and combat the illegal entry of drugs, contraband and undocumented immigrants. They were traveling on an unpaved road with no road lighting, in a mountainous terrain with dense vegetation, for which reason the BP agents were required to travel at a slow and steady pace to avoid personal injuries and/or damage to the assigned government vehicle (GOV).

Unexpectedly, the BP agents came across what appeared to them to be an unidentified yellow piece of debris lying in their path and immediately encountered resistance on the front tires, preventing the GOV's ability to move forward. The BP driver placed the GOV in reverse. Then the headlights illuminated the path, and the agents looked again at the unidentified yellow item. The item subsequently rolled over in the direction of the GOV and it was then that the BP agents noticed what appeared to be the face and upper body of a person lying within the vegetation.

The BP agents immediately approached the individual, spoke to him and checked his signs of life. The individual, a male approximately 70 years of age, had his body and clothes covered with dirt. While BPA Lopez tended to the individual's wounds through first-aid techniques, "SBPA

Velez" contacted the BP station, requesting immediate medical assistance. Within thirty minutes BP supervisors and paramedics were on site to provide medical care. An ambulance transported the individual to the *Buen Samaritano Hospital* where he was stabilized and diagnosed as having seven broken ribs.

The Puerto Rico Police Department (PRPD) responded to the scene and prepared a report of the incident. They identified the individual as Antero Vargas-Cruz ("Vargas-Cruz"), a resident of Aguadilla, and informed BP that the "Vargas-Cruz"' family had reported him missing. The family had informed the PRPD that he suffered from Alzheimer disease. At the time of the encounter with the BP agents, the PRPD informed BP that "Vargas-Cruz"· had disappeared from his family numerous times in the past.

"Vargas-Cruz" was discharged from the hospital on October 16, 2008 and transferred to *Hogar Sol y Mar II,* in Isabela, P.R. He also received care at *Hospicio Toque de Amor*. According to the allegations in the Complaint, "Vargas-Cruz" died on August 3, 2010 as a consequence of the injuries suffered on October 8, 2008. See Complaint ¶ 25.

**B. Westfall Substitution** of **"SPBA Vélez"**

The Complaint attempts to set forth claims against the "individual federal defendant," "SPBA Vélez" and his spouse, including the conjugal partnership constituted between them, inasmuch as money damages are requested. See generally Complaint.

"SPBA Vélez" is a federal employee and on the date of the accident he was acting within the scope of his employment with the United States Border Patrol, "CBP," Department of Homeland Security.

The Westfall Act ( Federal Employees Liability Reform and Tort Compensation Act of 1988, P.L. 100-694) protects federal employees from personal liability for common law torts committed within the scope of their employment.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, P.L. 100-694, commonly known as the Westfall Act, after the Supreme Court case it overturned, was rushed into law in 1988 to avoid what was expected to be a crisis in exposing federal workers to court suits. The law was intended to overturn the Supreme Court's January 1988 decision in Westfall v. Erwin, 484 U.S. 292 (1988), which held that "absolute immunity from state law tort actions should be available only when the conduct of federal officials is within the scope of their official duties *and* that conduct is discretionary in nature." *Id*. at 297-298 (emphasis in original).

The United States should be substituted as the Federal Defendant in this case and any claims brought against "SPBA Vélez" must be dismissed because this court lacks subject matter jurisdiction for plaintiffs' failure to exhaust the administrative proceedings as required by the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 2671-2680.

The action against the wife of the federal employee and against the conjugal partnership must be dismissed because "SBPA Velez" is not married.

As discussed below, this Court lacks subject matter jurisdiction and personal jurisdiction over the Federal Defendants.

## II. Grounds for Substitution and Lack of Subject Matter Jurisdiction over the Tort Claims against "SPBA Vélez" As Federal Defendant

In this case the named individual federal defendant, "SPBA Vélez," is being sued in his personal capacity for tort and money damages. The Supreme Court has pointed out in several cases that "official capacity" lawsuits are "only another way of pleading an action against an entity of

which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, this Court could consider the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 2671-2680, as a basis for subject matter jurisdiction. Since Plaintiffs are seeking tort compensation and money damages in the amount of $2,500,000.00, the FTCA provides for the recovery of money damages against the United States for cognizable state or common law torts committed by federal officials while acting within the scope of their employment.

The United States is immune from suit under the doctrine of sovereign immunity, except to the extent that it has consented to be sued by an act of Congress. Dalehite v. United States, 346 U.S. 15 (1953); United States v. Sherwood, 312 U.S. 584 (1941). A suit may not be maintained against the United States in any court in any case not clearly within the terms of a statute by which the United States consent to be sued. Roman v. Townsend, 48 F. Supp. 2d 100 (D. P.R. 1999). Congress has waived this immunity by passage of the Federal Tort Claims Act (FTCA), but only in the limited instance of tort claims brought against the United States for loss of property or personal injury caused by the negligent or wrongful act of a federal employee acting within the scope of his or her employment, in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. 55 §§ 2674, 1346(b); Dalehite, 346 U.S. at 17-18.

Courts construe section 2679(a) of the FTCA to hold that government agencies or employees cannot be sued under the FTCA. See, F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Rivera v. United States, 928 F.2d 592, 608 (2nd Cir. 1991); Lora-Rivera v. Drug Enforcement Admin., 800 F. Supp. 1049, 1050 (D. P.R. 1992). Rather, the proper party defendant in FTCA cases is the United States. See Lora-Rivera, 800 F. Supp. at 1050 (stating "under FTCA, only the United States, not its agencies and/or employees, may be sued on their own names ( "*eo nomine*").  Pursuant to law, the

only proper party defendant to an FTCA claim is the United States of America.

Therefore, in an action ostensibly brought pursuant to the FTCA, a federal agency or employee cannot be sued in its own name and suit must be brought only against the United States. See Mars v. Hanberry, 752 F.2d 254, 255 (6th Cir. 1985). Only claims against the United States as proper party defendant are included within the FTCA jurisdiction. Thus, district courts lack subject matter jurisdiction as to federal agencies and their employees in cases brought under this statute and such claims must be dismissed. See Armor Elevator Co., Inc. v. Phoenix Urban Corp. , 655 F.2d 19, 22 (1st Cir. 1981); Woods v. United States, 720 F.2d 1451, 1452 n. 1 (9th Cir. 1983).

### III.     Certification of Scope of Employment

The FTCA provides a mechanism for the timely certification of scope of employment and the substitution of the United States as the defendant. Section 2679 (d) (1) of the FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the alleged common law torts of federal employees committed within the scope of their office or employment. The statute provides that in order to substitute the United States for an individual named defendant, a certification that the individual was acting within the scope of his or her employment at the time of the conduct alleged should be appended to a motion to substitute. The Attorney General is authorized to certify that an employee was acting within the scope of his office or employment for purposes of common law torts alleged to have been committed within her district. 28 C.F.R. §§ 15.3-15.4. The Attorney General has delegated certification authority to the United States Attorneys.  28 C.F.R. §§ 15.3-15.4.

There are two exceptions to the exclusivity provisions which are codified at 28 U.S.C. § 2679 (b) (2):  actions against an employee for violation of the Constitution of the United States or

for violation of a statute of the United States under which such action against an individual is otherwise authorized. Neither exception applies to the claims asserted by Plaintiffs.

Once the United States is substituted as the defendant, the complaint against the individual employee should be dismissed with prejudice. Woods v. McGuire, 954 F.2d 388, 390 (6th Cir. 1992).

Nowhere do Plaintiffs allege in their claim that the actions of the individual federal defendants were beyond the scope of their employment as a federal employee. As such, the FTCA is Plaintiffs' exclusive remedy.

The United States Attorney for the District of Puerto Rico, Rosa Emilia Rodríguez-Vélez, has certified that "SPBA Vélez" was acting within the scope of his employment as employee of U.S. Customs and Border Protection, Department of Homeland Security, at the time of the conduct alleged in the complaint. See the Scope of Employment Certification marked as **Exhibit A.**

Therefore, the United States is to be substituted as the sole federal defendant in this case. 28 U.S.C. § 2679 (d)(1). Accordingly, any claims against "SPBA Vélez" must be dismissed with prejudice.

The Complaint attempts to set forth common law tort claims against the individual federal defendant, "SBPA Vélez" inasmuch tort damages are requested. See Complaint. The United States should be substituted as the federal defendant in this case and any claims brought against "SBPA Vélez" must be dismissed because this Court lacks subject matter jurisdiction over the tort claims against both.

**IV.     This Court Lacks Personal Jurisdiction Over The Federal Defendants**

      **A. No Service on the Attorney General and on the United States Attorney**

This action should be dismissed because Plaintiffs have failed to effect proper service of process on the Federal Defendants. The service of the summons and complaint was only made on the U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security and "SBPA Vélez."

Neither the United States Attorney nor the Attorney General has been served with process as required by Rule 4(i) of the Federal Rules of Civil Procedure. For this Court to obtain jurisdiction over an officer or agency of the United States, service must be perfected on the officer or agency, the Attorney General of the United States, and the United States Attorney for the district in which the action is brought. See **Fed. R. Civ. P. 4 (i)**. The rule is to be strictly enforced, and improper service requires that the complaint be dismissed or service quashed. C & L Farms, Inc. v. Federal Crop Insurance Corp., F.3d 1359, 1367 (11th Cir. 1998). Therefore, the time for filing a responsive pleading has not begun to run.

### B. Service on Federal Defendants Beyond 120-days

Federal Rule of Civil Procedure 4(m) states that service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. More than 120 days have passed since the filing of the Complaint on December 8, 2011, and the Defendants have not yet been properly served.

The United States Attorney's office for the District of Puerto Rico has not been served with a copy of the summons and the complaint, as required by Fed. R. Civ. P. 4(i)(1)(A) and Rule 4(i)(2)(A).

Upon information and belief, the plaintiff has not served a copy of the summons and of the complaint on the Attorney General of the United States at Washington, District of Columbia, as

required by Rule 4(i)(1)(B).

The failure to serve the United States Attorney and the Attorney General of the United States, within the 120 days required under Rule 4(m) renders improper the service against the United States, as well as against its agency and officials and employees. See McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001). The fact that plaintiff was proceeding *pro se* does not excuse the failure to comply with procedural rules. Id. See also Roman v. Townsend, 224 F.3d 24, 29 (1st Cir. 2000) (dismissing complaint against United States where service of process, even if properly effectuated, was made well beyond the time limit required under Rule 4(m)). "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Although the court may extend the time for service if a plaintiff shows good cause for the failure to serve, the court may not extend a term that already expired.

The record shows that on April 12, 2012 (E.C.F. No. 5) Plaintiffs filed a motion to extend the term to serve the summons and complaint on federal employee "SBPA Velez" until May 22, 2012. In said motion, Plaintiffs erroneously allege that the 120-days term to complete service of summons and complaint starts to run when the summons is issued, when it starts to run on the day that the complaint is filed. As a matter of fact the federal agency was served with summons and complaint on April 11, 2012, beyond the 120-days time limit to complete service. The complaint was filed on December 8, 2011 and the 120-days accrued on April 6, 2012.

The standard for determining good cause for extending the 120-day period for service of process is still developing. Motsinger v. Flynt, 119 F.R.D. 373 (M.D.N.C. 1988); Barco Arroyo v.

FEMA, 113 F.R.D. 46, 48 (D. Puerto Rico 1986). The legislative history gives only one example of good cause -- that being where a defendant intentionally avoids service. 128 Cong. Rec. H9848, 9852 n.25 (daily ed. Dec. 15, 1982); Lovelace v. Acme Markets, Inc., 820 F.2d 81 (3rd Cir. 1987); Barco Arroyo, 113 F.R.D. at 48. Courts interpreting the rule have found "good cause" to encompass more than a single unsuccessful attempt at service. Boykin v. Commerce Union Bank of Union City, 109 F.R.D. 344 (W.D. Tenn. 1986). An attorney's inadvertence or ignorance, or misplaced reliance, will not serve to excuse a failure to timely serve. Hart v. United States, 817 F.2d 78 (9th Cir. 1987) (secretarial negligence is chargeable to counsel and is not good cause); Braxton v. U.S., 817 F.2d 238, 242 (3d Cir. 1987) (counsel's failure to monitor service coupled with private process server's unexplained failure to timely serve complaint not good cause); Wei v. State of Hawaii, 763 F.2d 370 (9th Cir. 1985) ("inadvertence of Wei's counsel likewise does not qualify as good cause"); López v. U.S. Postal Service, 132 F.R.D. 10 (E.D.N.Y. 1990) (inadvertence of counsel not good cause, nor will actual notice to government support finding of good cause).

The United States Supreme Court has stated, in Heckler v. Community Health Services, 467 U.S. 51, 64 (1984), that "[t]hose who deal with the government are expected to know the law." See also, Baden v. Craig-Hallum, Inc., 115 F.R.D. 582 (Minn. 1987) (Rule 4(j) was enacted to force parties and their attorneys to be diligent in prosecuting their causes of action); Barco Arroyo, 113 F.R.D. at 49.

Further, actual notice is insufficient to meet the requirements of Rule 4. See, e.g., Swaim v. Moltan Co., 73 F.3d 711, 719 (7th Cir.1996); Mid-Content Wood Products, Inc. v. Harris, 936 F.2d 297, 300 (7th Cir.1991) (liberal construction of rules of service "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be held.").

In conclusion, plaintiffs have not met their burden to timely serve defendants, nor have they shown good cause to extend the 120 days required for service.

## V.     Court Lacks Subject-Matter Jurisdiction

### A. Administrative Claim Filed on May 18, 2009

Because of sovereign immunity, Plaintiffs must first satisfy certain jurisdictional and regulatory prerequisites prior to filing an FTCA lawsuit against the United States, such as the filing of a valid administrative tort claim before the agency within the time limit specified in the law.  See 28 U.S.C.A. §§ 2671-2680 and 2401(b).

In this case, on May 18, 2009, only  Plaintiff Edwin Vargas-Vargas  filed an administrative tort claim on behalf of his father regarding the accident suffered by him on October 8, 2008. The administrative claim was denied by certified letter dated October 16, 2009, which advised him of the right to sue within six (6) months  from the date of the letter, that is, until April 16, 2010, in compliance with requirements of 28 U.S.C. § 2401(b).  Since this lawsuit was filed on December 8, 2011, the same is time-barred. Moreover, Plaintiffs have failed to file an administrative claim before the appropriate Federal Agency (28 U.S.C.A. § 2675(a)) as to the alleged wrongful death which occurred on August 3, 2010.   **B. Wrongful Death Administrative Claim Requirements**

Plaintiffs' complaint was filed pursuant to the FTCA. Under the FTCA, the U.S. waives its sovereign immunity for tort claims arising from "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). Under this statute, the United States is liable for tortious conduct in the same manner and to the same extent as a private individual under like circumstances. Rojas, et al. v. US, 660 F.Supp. 652, 656 (D.P.R. 1987). In

cases involving a tort claim against the United States, the law of the state in which the alleged tortious acts occurred is applied in deciding FTCA actions. Bolduc v. U.S., 402 F.3d 50, 56 (1 51 Cir. 2005); Rojas, 660 F.Supp. at 656.

In this case, the Plaintiffs' complaint alleges that the Agency's negligent actions caused "Vargas-Cruz"' pain and suffering, and untimely death. Under the FTCA state law generally controls elements of damages, that is, where the United States, as a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Therefore, the applicable statute is P.R. Laws Ann. tit. 31 § 5141, Article 1802 of the Puerto Rico Civil Code.

### C. Inadequate Administrative Notice for Wrongful Death Claim

Prior to initiating an action against the U.S., the person making a tort claim must first present a claim to the appropriate federal agency, and the claim must be denied. 28 U.S.C. § 2675. The claimant must give notice to the government of the nature of the claim and the damages that are requested. ld. In order to satisfy the notice requirement under the aforementioned statute a plaintiff must have provided a claim form that included sufficient information for the agency to investigate the claim or claims and the amount of damages that are sought. Santiago-Ramirez v. Secretary of the Dep't of Defense, 984 F.2d 16, 19 (1st Cir. 1993). The First Circuit views the notice requirement leniently. An administrative notice that provides the identity of the alleged injured party, the date of the incident, the location of the incident, the government agents involved, the type of injury involved, and the amount of damages provides sufficient notice to comply with section 2675. ld. at 20.

The complaint indicates that on August 3, 2010, the Plaintiffs' father ("Vargas-Cruz") died, and alleges that the Agency's October 8, 2008 negligent acts caused his untimely death. Under the

FTCA, the general rule is that a cause of action for wrongful death accrues upon the date of death. See Cirino v. U.S., 210 F. Supp. 2d 46, 51 (D.P.R. 2008); see also Warrum v. U.S ., 427 F.3d 1048, 1051 (7th Cir. 2005) (citing Fisk v. U.S., 657 F.2d 167 , 170 (7th Cir. 1981)). As such, the prior administrative claim that "Vargas-Cruz"' filed in May of 2009 for his personal injuries, did not cover the wrongful death action that his heirs allege in the current complaint, as "Vargas-Cruz" was still alive at the time the administrative claim was filed with the Agency. Given that the Plaintiffs ("Vargas-Cruz"' heirs) are presenting this new cause of action, the FTCA's strict rule of administrative exhaustion must be followed as it is a jurisdictional prerequisite that cannot be waived. See Cirino, 210 F. Supp. 2d at 50; and Warrum 427 F.3d at 1051. Since Plaintiffs have failed to exhaust administrative remedies as mandated under the FTCA the court does not have jurisdiction over this specific cause of action.

## VI. "Vargas-Cruz" and Plaintiffs' Personal Injury Claim is Time Barred

On December 8, 2011, a little over three years from the date of the 2008 GOV encounter, and two years after the date of the Agency's denial of "Vargas-Cruz"' administrative claim, the Plaintiffs filed their complaint in United States District Court alleging, among other things, pain and suffering damages under their father's previous personal injury claim.

As previously stated, the FTCA requires that a claimant must exhaust an administrative claim with the responsible federal agency before commencing any civil action in United States District Court. 28 U.S.C. § 2675(a). The claimant may only file the civil action when he receives a written final denial of his claim by the administrative agency, or six months have passed since the filing of a claim without an agency decision.  The complaint in the United States District Court must be filed within six months after a denial of (or failure to act upon) that claim by the administrative agency.

Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000). Failure to file the complaint within this specific period will forever bar the claim. 28 U.S.C. § 2401(b); Diaz v. U.S., 561 F. Supp. 2d 222, 227 (D.P.R. 2008) (dismissing case due to Plaintiff's failure to file complaint within six-month period).

On May 18, 2009, "Vargas-Cruz", represented by his son Edwin Vargas-Vargas timely filed an individual administrative claim alleging $2,000,000 in damages for personal injuries suffered from the 2008 "GOV" encounter. On October 16, 2009, the Agency notified "Vargas-Cruz" and his attorneys of the denial of the claim. Upon this notification, "Vargas-Cruz" had until April 16, 2010, to file his lawsuit with the United States District Court. Eight months later, on June 16, 2010, "Vargas-Cruz" elected to file his tort claim in the Puerto Rico Court of First Instance. This filing was immaterial as it was filed in a forum without competent jurisdiction, but most importantly, it was also filed outside of the required six-month period. See Wukawitz v. U.S., 170 F. Supp. 2d 1165 (D. Utah 2001) (dismissing complaint as time-barred even though Plaintiff had timely filed in State Court).

As we have previously stated, an FTCA claim generally accrues at the time of the injury. Donahue v. U.S., 634 F.3d 615, 623 (1st Cir. 2011); see also Henderson v. U.S., 785 F2d 121 (4th Cir. 1986) (damages under the FTCA for personal injuries sustained in collision with automobile accrues on date of collision). Once a plaintiff knows of the injury and its probable cause, it bears the responsibility of investigating whether they were wronged and must take legal action within the time frame set forth under the FTCA. ld. The United States District Court for the District of Puerto Rico has held that a plaintiff's failure to file an individual FTCA claim is fatal, unless notice is otherwise provided to the government. See Wojcechowicz v. U.S., 474 F. Supp. 2d 283, 290 (D.P.R. 2007).

This action is especially required of adult children who are seeking damages for injuries incurred by their parents. Estate of Santos v. U.S., 525 F. Supp. 982 (D. P.R. 1981) (adult children's failure to timely file their individual FTCA claim barred them from recovering damages, even though mother had timely filed). A failure to file their claim within the set deadlines of the FTCA forever bars their claim. 28 U.S.C. § 2401. In this case, the adult children of "Vargas-Cruz" never filed a timely administrative claim for the pain and suffering damages incurred from the moment of the October 2008 GOV encounter and their father's demise on August 3, 2010. Given this delay in seeking legal action, it is evident that their claim for these specific damages is time barred.

"Vargas-Cruz" and his adult children neither filed an administrative claim with the Agency, nor filed a timely complaint within the required six month period, which forever bars any claim for these past damages. See Torres-Morales v. U.S., 537 F. Supp. 2d 291, 295 (D. P.R. 2007) (dismissal of plaintiff's FTCA complaint on jurisdictional grounds, resulted in a dismissal of the tort claims brought by his spouse and child); see also Diaz, 561 F. Supp. 2d at 227; Estate of Santos, 525 F. Supp. at 985-987.

Accordingly, the appearing defendant requests that once the United States is substituted for "SBPA Vélez," this Complaint be dismissed against the United States for failure to exhaust the mandatory administrative remedies and for want of jurisdiction. Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994); Cadwalder v. United States, 45 F.3d 297 (9th Cir. 1995).

**VII.    Conclusion**

The Court lacks personal jurisdiction (failure to serve process) against the Federal Defendants and it also lacks subject matter jurisdiction (failure to exhaust the administrative remedies) as to the common law tort claim against the federal individual employee and the United

States. The federal employee and its agency, United States Customs and Border Protection, must be substituted with the United States as mandated by the FTCA. As to the lawsuit itself, the same should be dismissed with prejudice.

WHEREFORE, in view of the foregoing, the Federal Defendants respectfully pray to this Honorable Court that the individually named defendants be substituted with the United States of America and that the complaint be dismissed with prejudice.

In San Juan, Puerto Rico, this 11th day of July, 2012.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification to all attorneys of record.

> ROSA EMILIA RODRÍGUEZ VÉLEZ
> United States Attorney
>
> s/ *Agnes I. Cordero*
> Agnes I. Cordero (126101)
> Assistant U.S. Attorney
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Street
> San Juan, Puerto Rico 00918
> Tel.787-766-5656/Fax 787-766-6219
> Agnes.Cordero@usdoj.gov

USAO 2012-v-00258