**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

EDWIN VARGAS-VARGAS; ET ALS.

    Plaintiffs

                             CIVIL NO. 11-02183 (PG)

         v.

UNITED STATES CUSTOMS AND

BORDER PROTECTION; ET ALS.

    Defendants

---

## ANSWER TO THE COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Defendants, the United States of America, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, and GilbertoVélez-Lorenzo, referred to as "Federal Defendants," or "Defendants" **without submitting to the jurisdiction of the Court**, through  the undersigned attorneys, and submits its Answer to the Complaint as follows:

### I. NATURE OF THE ACTION AND JURISDICTION

1. The allegation in paragraph one of the Complaint is a statement of law to which no response is required. To the extent a response is required, Defendants deny the allegation to paragraph one.

2.   The allegation in paragraph two of the Complaint is a statement of jurisdiction to which no response is required. To the extent a response is required Defendants deny the allegation to paragraph two.

3.   Defendants admit that the facts giving rise to the Complaint occurred in the U.S. Commonwealth of Puerto Rico.

4.   The allegation in paragraph four of the Complaint is a statement requesting a trial by jury to which no response is required. To the extent a response is required, Defendants deny the allegation to paragraph four pursuant to 28 U.S.C. § 2402.

## II. THE PARTIES

5.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph five of the Complaint, hence the same is denied.

6.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph six of the Complaint, hence the same is denied.

7.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph seven of the Complaint, hence the same is denied.

8.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph eight of the Complaint, hence the same is denied.

9.   Defendants deny the allegation of paragraph nine of the Complaint. In further response to the allegation of paragraph nine of the Complaint, Defendants state that Gilberto Velez-Lorenzo is an agent with U.S. Border Patrol (USBP), U.S. Customs and Border Protection, Department of Homeland Security and was on duty when he encountered Antero Vargas Cruz.

10.   Defendants deny the allegation of paragraph ten of the Complaint.

Edwin Vargas-Vargas, et als. v. USA
Civil No. 11-02183 (PG)
Answer to the Complaint
Page 3

11.     Defendants deny the allegation of paragraph eleven of the Complaint. In further response to the allegation of paragraph eleven of the Complaint, Defendants state that Gilberto Velez-Lorenzo is a USBP Agent with U.S. Customs and Border Protection, Department of Homeland Security and was on duty when he encountered Antero Vargas Cruz. Furthermore, the agent was driving a vehicle owned by U.S. Customs and Border Protection on the night of the encounter.

12.     Defendants deny the allegation of paragraph twelve of the Complaint.

13.     Defendants deny the allegation of paragraph thirteen of the Complaint.

14.     Defendants deny the allegation of paragraph fourteen of the Complaint.

### III. THE FACTS

15.     Defendants deny the allegation of paragraph fifteen of the Complaint.

16.     Defendants deny the allegation of paragraph sixteen of the Complaint.

17.     Defendants deny the allegation of paragraph seventeen of the Complaint. In further response to the allegation of paragraph seventeen of the Complaint, Defendants state that Gilberto Velez-Lorenzo, a USBP Agent with U.S. Customs and Border Protection, Department of Homeland Security was driving a vehicle owned by U.S. Customs and Border Protection on the night he encountered Antero Vargas Cruz.

18.     Defendants deny the allegation of paragraph eighteen of the Complaint.

19.     Defendants deny the allegation of paragraph nineteen of the Complaint.

20.     Defendants deny the allegation of paragraph twenty of the Complaint.

21.     Defendants deny the allegation of paragraph twenty-one of the Complaint. In further response to the allegation of paragraph twenty-one of the Complaint, paramedics

Edwin Vargas-Vargas, et als. v. USA
Civil No. 11-02183 (PG)
Answer to the Complaint
Page 4

did provide assistance to Antero Vargas Cruz on the night of the encounter, as the USBP

contacted the paramedics and the Puerto Rico Police Department (PRPD) for assistance.

22.     Defendants deny the allegation of paragraph twenty-two of the Complaint as

written.

23.     Defendants deny the allegation of paragraph twenty-three of the Complaint.

24.     Defendants deny the allegation of paragraph twenty-four of the Complaint.

25.     Defendants deny the allegation of paragraph twenty-five of the Complaint.

26.     Defendants deny the allegation of paragraph twenty-six of the Complaint.

27.     Defendants deny the allegation of paragraph twenty-seven of the Complaint.

28.     Defendants deny the allegation of paragraph twenty-eight of the Complaint.

29.     Defendants deny the allegation of paragraph twenty-nine of the Complaint.

30.     Defendants deny the allegation of paragraph thirty of the Complaint.

31.     Defendants deny the allegation of paragraph thirty-one of the Complaint.

32.     Defendant admits the allegation of paragraph thirty-two of the Complaint.

## IV. FIRST CAUSE OF ACTION

33.      Defendant repeats and re-alleges its responses to paragraphs 1- 32, as if fully set

forth herein.

34.     Defendants deny the allegation of paragraph thirty-four of the Complaint.

35.     The allegation in paragraph thirty-five of the Complaint is a statement of jurisdiction

to which no response is required. To the extent a response is required Defendants deny the

allegation to paragraph thirty-five.

36.     Defendants deny the allegation of paragraph thirty-six of the Complaint.

Edwin Vargas-Vargas, et als. v. USA
Civil No. 11-02183 (PG)
Answer to the Complaint
Page 5

37.     Defendants deny the allegation of paragraph thirty-seven of the Complaint.

38.     Defendants deny the allegation of paragraph thirty-eight of the Complaint.

## V.  SECOND CAUSE OF ACTION

39.     Defendant repeats and re-alleges its responses to paragraphs 1- 38, as if fully set

forth herein.

40.     Defendants deny the allegation of paragraph forty of the Complaint.

41.     Defendants deny the allegation of paragraph forty-one of the Complaint.

42.     Defendants deny the allegation of paragraph forty-two of the Complaint.

43.     Defendants deny the allegation of paragraph forty-three of the Complaint.

## VI. PUNITIVE DAMAGES

44.     Defendants repeat and re-allege its responses to paragraphs 1- 43, as if fully set

forth herein.

45.     Defendants deny the allegation of paragraph forty-five of the Complaint.   28 USC

§ 2674 prohibits punitive damages against the United States.

## VIII. ATTORNEY'S FEES, COSTS, AND INTERESTS

46.     Defendants repeat and re-allege its responses to paragraphs 1- 45, as if fully set forth

herein.

47.     Defendants deny the allegation of paragraph forty-seven of the Complaint.

Furthermore, the Federal Tort Claims Act, 28 USC §§ 2671-2680 (FTCA), imposes

certain limitations on damages that might otherwise be allowed under the law of the

place where the negligence occurred. 28 USC §§ 2402, 2674, 2675(b) and 2678.

Edwin Vargas-Vargas, et als. v. USA
Civil No. 11-02183 (PG)
Answer to the Complaint
Page 6

## IX. <u>AFFIRMATIVE DEFENSES</u>

1.   The court lacks subject matter jurisdiction over Plaintiffs' Complaint for failure to exhaust their administrative remedies.

2.   The court lacks subject matter jurisdiction over Plaintiffs' Complaint for failure of Plaintiffs to timely file their claims within the established statute of limitations.

3.   The Complaint fails to state a claim for relief against the Defendants for which relief may be granted.

4.   There is insufficient process and insufficiency of service of process.

5.   Defendants neither own nor lease the premises where "Vargas-Cruz" alleged injuries occurred.

6.   Defendants are not responsible for the maintenance of the area where "Vargas-Cruz" alleged injuries occurred.

7.   Defendants exercise no control over the area where "Vargas-Cruz" alleged injuries occurred. Plaintiffs have failed to join the owner of the premises and the entity that is responsible for the maintenance of the area where "Vargas-Cruz" alleged injuries occurred. Said party is a necessary and indispensable party to this action pursuant to Rule 19 of the Federal Rule of Civil Procedure.

8.   Plaintiffs' father, Antero Vargas Cruz, assumed all risks in electing to enter at night the premises where the alleged injuries occurred, which is not designed for pedestrian use.

9.   To the extent the Defendants may be found negligent, the Plaintiffs' negligence or that of Antero Vargas Cruz or some other third party exceed any negligence of the Defendants.

Edwin Vargas-Vargas, et als. v. USA
Civil No. 11-02183 (PG)
Answer to the Complaint
Page 7

10.    Plaintiffs alleged damages, if any, are the result of the acts or omissions of third

parties for whose conduct Defendants are not responsible.

11.    Any duty owed to Plaintiffs under the facts of this case would not have been owed

by the Defendants, but by the owner of the premises and the entity that is responsible for

the maintenance of the area where Plaintiff's alleged injuries occurred.

12.    Gilberto Velez-Lorenzo is not married and hence there can be no action against his

alleged wife and the conjugal partnership constituted by them.

WHEREFORE, the United States prays for the dismissal of the Complaint with

prejudice.

In San Juan, Puerto Rico, this 11th da y of July, 2012.

I HEREBY CERTIFY:   that on this same date, I electronically filed the foregoing

motion with the Clerk of the Court using the CM/ECF System, which will send notification to all

attorneys of record.

ROSA EMILIA RODRIGUEZ VELEZ
United States Attorney


s/ *Agnes I. Cordero*
AGNES I. CORDERO
Assistant U.S. Attorney
USDC-PR #126101
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel.: (787) 766-5656/Fax:(787)766-6219
Agnes.Cordero@usdoj.gov