**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**EDWIN VARGAS-VARGAS, ET AL.**

Plaintiffs,

v.

**UNITED STATES CUSTOMS AND BORDER PROTECTION, ET AL.**

Defendants.

Civil Case. NO. 11-2183 (PG)

**OPINION AND ORDER**

Pending before the Court is United States of America, the U.S. Customs and Border Protection and Gilberto Velez-Lorenzo's motion to dismiss (Docket No. 10). Therein, the defendants request this Court dismiss the above-captioned complaint pursuant to FED.R.CIV.P. 12(b)(1), 12(b)(2) and 12(b)(6). For the reasons set forth below, this Court **GRANTS** the defendants' request and **DISMISSES WITH PREJUDICE** the above-captioned complaint.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 8, 2011, plaintiffs Edwin Vargas-Vargas, Angel Victor Vargas-Vargas, Luis Antonio Vargas-Vargas, and Maria De Los Angeles Vargas-Vargas (hereinafter "plaintiffs") filed the above-captioned complaint against Supervisory Border Patrol Agent Gilberto Velez-Lorenzo ("Velez-Lorenzo"); his wife and conjugal partnership; the U.S. Customs and Border Protection; its insurance company and unidentified individual agents (hereinafter "defendants"). In short, plaintiffs aver that their father, Mr. Antero Vargas-Cruz was struck by a vehicle belonging to the U.S. Customs and Border Protection ("Border Patrol") while walking through an unpaved path and as a result of the damage sustained therein, Vargas-Cruz lost his life. See Docket No. 1. Subsequently, plaintiffs filed the above-captioned complaint pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff also plead a supplemental state law claim under Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code ("Article 1802"), P.R. LAWS ANN. tit. 31, § 5141.

Thereafter, the United States Government ("Government") filed a motion to dismiss (Docket No. 10), wherein it requests this Court dismiss

the complaint on grounds of lack of personal jurisdiction, lack of subject matter jurisdiction as well as failure to state a claim upon which relief can be granted. Primarily, the Government avers that this Court lacks subject matter jurisdiction as to federal agencies and their employees in cases brought under the FTCA, inasmuch as federal agencies and their agents are immune from suit *eo nomine*. See Docket No. 10. Accordingly, the Government, as the sole proper party defendant, requests that claims against Agent Velez-Lorenzo, and the individual agency be dismissed with prejudice. Id. In addition, the Government requests this Court dismiss the complaint against the wife of the federal employee and their conjugal partnership, since Velez-Lorenzo is not married. On a separate point, the Government asserts that the complaint should be dismissed insomuch as the plaintiffs had failed to timely and properly serve defendants, and did not show good cause to extend the 120 day term required for service pursuant to FED.R.CIV.P. 4(m). Finally, the Government moves this Court to dismiss the complaint on the basis that plaintiffs failed to timely and properly exhaust administrative remedies prior to filing suit in this Court as required by the FTCA and the applicable caselaw.[1]

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan,

[1] The Court notes that plaintiffs failed to file an opposition to the defendants' motion to dismiss, consequently, said motion shall be deemed unopposed.

513 F.3d 301, 306 (1st Cir. 2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has… held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

"In resolving a motion to dismiss, a court should employ a two pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations… a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernández, 640 F.3d at 9 (citing Iqbal, 129 S.Ct. at 1951).

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if… a recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández, 640 F.3d at 13.

## II. DISCUSSION

### A. The United States Customs and Border Protection is immune from suit *eo nomine*

It is well settled law that the United States cannot be sued without its prior consent. Accordingly, the United States Supreme Court has held that "the United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). In addition, "sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). The Federal Tort Claims Act[2] "is a limited waiver of the federal Government's sovereign immunity with respect to tortuous conduct of federal employees." Shansky v. United States, 164 F.3d 688, 690 (1st Cir.1999). Moreover, it is the exclusive remedy for suits against the United States or its agencies

[2] 28 U.S.C. §§ 1346, 2671-2680.

sounding in tort.[3]

Courts have previously found that "the United States is the only proper party defendant under the FTCA, and federal courts lack subject matter jurisdiction as to purported FTCA claims brought against federal agencies or their employees." Barros-Villahermosa v. United States, No. 06-1491, 2007 WL 4149805 (D.P.R. Nov. 19, 2007) (citing Aviles-Diaz v. United States, 194 F. Supp. 2d 85, 86 (D.P.R. 2002). Thus, "[s]ince the FTCA only waives sovereign immunity for suits brought against the United States, 28 U.S.C. § 2674, suits brought against a federal agency *eo nomine* or against a federal employee individually are dismissible for lack of jurisdiction." Strong v. Dyar, 573 F. Supp.2d 880, 884-885 (D.Md. 2008). Accordingly, this Court finds that only claims against the United States as proper party defendant are allowed within the FTCA jurisdiction. As a result, this Court finds that the U.S. Customs and Border Protection is an improper defendant in the above-captioned complaint and hereby **DISMISSES WITH PREJUDICE** the plaintiffs' claims against said agency.

**B. Individual federal agents are immune from suit *eo nomine***

Having previously found that federal agencies and their employees are improper defendants pursuant to the FTCA, this Court hereby **DISMISSES WITH PREJUDICE** all claims against agent Velez-Lorenzo, his alleged wife and conjugal partnership.

**C. Plaintiffs' failure to exhaust administrative remedies**

Pursuant to the FTCA, a plaintiff is required to exhaust his or her administrative remedies prior to filing suit. Accordingly, section 2675 provides, in relevant part, that "[a]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency..."[4] In order to properly exhaust administrative remedies pursuant to section 2675, a plaintiff shall file a "claim form or other written notification which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." Santiago-Ramirez v. Sec. of the Department of Defense, 984 F.2d 16, at 19 (1st Cir. 1993). If a petitioner fails to

[3] See 28 U.S.C. § 2679(a).
[4] 28 U.S.C. § 2675(a).

comply with the aforementioned statutory prerequisite, "the court must dismiss the complaint for lack of subject matter jurisdiction." McNeil v. U.S., 508 U.S. 106, at 113(1993). Moreover, "plaintiffs bear the burden of establishing that a proper administrative claim has been filed." Livera v. First Natl' State Bank, 879 F.2d 1186, at 1195 (3rd Cir. 1989)). "If multiple claimants exist, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim..." Frantz v. United States, 791 F.Supp. 445, at 450 (D. Delaware 1992) (citing Estate of Santos v. United States, 525 F. Supp. 982 (D.P.R.)).

On a separate point, 28 U.S.C. §2401(b) sets forth the statute of limitations applicable to claims brought under the FTCA. In accordance, said section states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. §2401(b). "Failure to timely file an administrative claim with the appropriate federal agency results in dismissal of the plaintiff's claim, since the filing of an administrative claim is a non-waivable jurisdictional requirement." Santiago-Ramirez, 984 F.2d at 18. Whether a claim accrues under the FTCA is a question of federal law. Brazzell v. United States, 788 F.2d 1353, 1355 (8th Cir. 1986). As a general rule, an FTCA claim accrues at the time of injury. United States v. Kubrick, 444 U.S. 111 (1979).

Upon careful review, this Court finds that the plaintiffs failed to demonstrate they had properly exhausted administrative remedies prior to filing the above-captioned complaint. Said prerequisite is jurisdictional in nature and failure to comply with the same warrants the dismissal of the plaintiffs' claims for lack of subject matter jurisdiction. See McNeil, 508 U.S. at 113. Furthermore, the Court concludes that the plaintiffs are now timed-barred from filing an administrative charge.[5]

---

[5] The accident that gave rise to the above-captioned complaint took place on October 10, 2008. As a result of the injuries sustained therein, Mr. Vargas-Cruz died on August 3, 2010. Accordingly, the plaintiffs had until August 3, 2012 to file a claim before the appropriate agency prior to filing suit before this Court. Having the plaintiffs failed to abide by the applicable statute of limitations, the Court finds that they are now

Consequently, the Court hereby **DISMISSES WITH PREJUDICE** the above-captioned complaint.

**D. Ineffective and untimely service of process**

In its motion to dismiss, the Government also requests this Court dismiss the complaint, insofar as the plaintiffs had failed to serve the Attorney General and the United States Attorney for the District of Puerto Rico as required by FED.R.CIV.P. 4(i) and for failure to serve the defendants within the 120-day period pursuant to FED.R.CIV.P. 4(m). However, having found that the plaintiffs had failed to exhaust administrative remedies prior to filing suit, this Court will refrain from addressing said issue herein.

**CONCLUSION**

Pursuant to the foregoing, the Government's motion to dismiss (Docket No. 10) is **GRANTED.** Plaintiffs' claims against co-defendants United States Customs and Border Protection, agent Velez-Lorenzo, his alleged wife and conjugal partnership are **DISMISSED WITH PREJUDICE**, and plaintiffs' claims against the Government are **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, February 3rd, 2014.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE

---

barred from filing an administrative claim and subsequent complaint before this Court.